**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIZABETH MARTIN,**

    **Plaintiff,**

v.                                                     Case No.  8:05-cv-1774-T-30TBM

**MARK B. MCCLENNAN, M.D., PH.D., as**
**Director of the Centers for Medicare &**
**Medicaid Services,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint as Moot and in the Alternative for Lack of Subject Matter Jurisdiction (Dkt. # 7) and Plaintiff's Amended Response to Defendant's Motion to Dismiss with Incorporated Memorandum of Law (Dkt. # 10).  The Court, having considered the motion and response, and being otherwise fully advised, finds that the motion should be granted.

Plaintiff, a Medicare beneficiary, filed the present action seeking (1) a declaratory judgment that Defendant failed to properly administer a provision of the Medicare Act, (2) an order directing Defendant to determine the amount of Medicare's lien against Plaintiff, (3) an order preventing Defendant from charging interest for a period of sixty (60) days after it notifies Plaintiff of the amount of the lien, and (4) an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA").

Defendant has moved to dismiss Plaintiff's Complaint on the ground that it is now moot because it has provided Plaintiff with the lien amount and agreed not to charge interest

for a period of sixty (60) days. Plaintiff acknowledges that Defendant has provided the requested information, however, she maintains that she is entitled to attorney's fees and costs under the EAJA. It is clear that the issue of attorney's fees is the only remaining impediment to a resolution of this case.

Defendant asserts that Plaintiff is not entitled to attorney's fees because this Court lacks subject matter jurisdiction over Plaintiff's claims. Specifically, Defendant argues that Plaintiff has not satisfied the jurisdictional prerequisites of 42 U.S.C. § 405(g), which provides for judicial review of claims arising under the Medicare Act only after an individual presents her claims, has a hearing, and receives a final decision from the Secretary of the Department of Health and Human Services. Defendant asserts Plaintiff has failed to take these required steps.

In response, Plaintiff does not dispute that she has not sought administrative review of her claims. Rather, Plaintiff argues that she is not required to exhaust her administrative remedies because this is not a suit to recover benefits.[1] Plaintiff also argues that there are no administrative remedies available in a case where Defendant has failed to respond to her request regarding the amount of Medicare's lien.

The Court finds that it lacks jurisdiction over Plaintiff's claims because she has failed to exhaust her administrative remedies. Plaintiff is basically seeking a determination of the amount Defendant is entitled to under its subrogation rights created by the Medicare Act. Such a claim triggers the Medicare Act's administrative exhaustion requirements. See

---

[1] 42 U.S.C. § 405(h) provides that "[n]o action against he United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 *to recover on any claim arising under this subchapter.*" (emphasis added).

Walters v. Leavitt, 376 F.Supp.2d 746, 755 (E.D.Mich. 2005). Plaintiff has failed to demonstrate why she failed to have her claims reviewed or establish why she has no administrative remedies available. If Plaintiff had presented her claims and they were denied by the agency, then the Medicare Act would permit judicial review. Moreover, the Supreme Court rejected Plaintiff's argument that the exhaustion requirements don't apply to this case because it is not a suit to recover monetary benefits in Shalala v. Illinois Council on Long Term Care, 529 U.S. 1, 14 (2000); see also Walters, 376 F.Supp.2d at 757.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint as Moot and in the Alternative for Lack of Subject Matter Jurisdiction (Dkt. # 7) is GRANTED.

2. Plaintiff's Complaint is dismissed without prejudice.

3. The Clerk is directed to close this file and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

---

[2] Because the Court finds that it lacks subject matter jurisdiction, it does not address Defendant's remaining grounds for dismissal.